UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Fernando PEDROZA-Macias,<br><br>　　　　　　Defendant | Magistrate Docket No.<br>**08 MJ 0574**<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about **February 26, 2008** within the Southern District of California, defendant, **Fernando PEDROZA-Macias,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　SIGNATURE OF COMPLAINANT
　　　　　　　　　　　　　　　　　　　　　　　　James E. Bailey
　　　　　　　　　　　　　　　　　　　　　　　　Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **27th** DAY OF **FEBRUARY 2008.**

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Nita L. Stormes
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE



## PROBABLE CAUSE STATEMENT

On February 26, 2008 at approximately 9:30 AM, Smuggling Interdiction Group, Criminal Alien Squad Agents' M. Gonzalez, T. Gallagher, and J. Hays were conducting area surveillance in the vicinity of the 1200 block of South Vine Street in Fallbrook, California.

SIG Agents were attempting to locate a previously deported criminal alien who had returned to the United States after being deported, when they encountered the defendant PEDROZA-Macias, Fernando in the area.

SIG Agents identified themselves to the defendant as United States Border Patrol Agents and questioned him as to his identity and immigration status. The defendant stated to Agent Gonzalez that he was born in Aguascalientes, Mexico and that he was a citizen of Mexico. The defendant also stated that he had left his immigration documents inside of his residence on South Vine Street. The defendant did not have any identification in his possession. The defendant gave the name of Jasiel MAZIAS-Pedroza and the date of birth of September 9, 1980 to Agent Gonzalez. The defendant was physically nervous with his hands shaking and his voice trembling. He gave his date of birth in an extremely unorthodox manner as if his was attempting to think of a date of birth. The defendant first stated that the year of his birth was 1980, and then stated that he was born in September. He appeared to be extremely nervous and hesitant to give his true and correct name.

Agent Gonzalez performed records checks that did not reveal any immigration documents on the behalf of PEDROZA. The defendant was adamant that he did in fact possess immigration documents that would allow him to remain in the United States at his residence. He was subsequently arrested for failure to carry immigration documents in violation of 8 USC 1304(e) and transported to the Murrieta Border Patrol station for further processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on or about **October 30, 2002** through **Otay Mesa, California**. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant admitted that he is a citizen and national of Mexico illegally present in the United States. The defendant further admitted that he had been previously deported from the United States and has not applied or requested permission to re-enter the United States legally.