KAREN P. HEWITT
United States Attorney
REBECCA S. KANTER
Assistant U.S. Attorney
California State Bar No. 230257
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Phone: (619) 557-6747
Fax: (619) 235-2757
E-mail: rebecca.kanter@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08cr1333-H |
|---|---|---|
| Plaintiff, | ) | **GOVERNMENT'S NOTICE OF MOTION AND MOTION FOR:** |
| v. | ) | **(1) FINGERPRINT EXEMPLARS** |
| | ) | **(2) RECIPROCAL DISCOVERY** |
| FERNANDO PEDROZA-MACIAS, | ) | **TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| Defendant. | ) | |
| | ) | Date:  July 21, 2008 |
| | ) | Time:  2:00 p.m. |
| | ) | Courtroom: 13 |
| | ) | The Honorable Marilyn L. Huff |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Rebecca S. Kanter, and hereby files its Motion for Fingerprint Exemplars and Reciprocal Discovery in the above-referenced case. This Motion is based upon the files and records of this case, together with the attached Statement of Facts and Memorandum of Points and Authorities.

//

//

//

//

Criminal Case No. 08cr1333-H

**I**

**STATEMENT OF FACTS**

**A.   Defendant's Arrest**

On February 26, 2008, at approximately 9:30 a.m., Border Patrol Agents Marc Gonzalez, Thane Gallagher, and Jeffrey Hays were conducting surveillance near the 1200 block of South Vine Street in Fallbrook, California when they encountered Fernando Pedroza-Macias ("Defendant.") They identified themselves as U.S. Border Patrol Agents and questioned the Defendant about his identity and immigration status. Defendant told Agent Gonzalez that his name was Jasiel Mazias-Pedroza, born on September 9, 1980. He said was born in Aguascalientes, Mexico and was citizen of Mexico. He said he left his identification documents inside his residence. He stated that he had previously been arrested for Driving Under the Influence. Defendant's hands were shaking and his voice was trembling, and he appeared to be nervous. When he provided his birthday, he did so very slowly and provided first the year, then the month, as if he was attempting to think of a date of birth.

A records check did not reveal any immigration documents for Defendant. Defendant continued to insist that he did in fact possess immigration documents, but that he was not carrying them with him. Defendant was arrested for failure to carry immigration documents in violation of 8 U.S.C.§ 1304(e) and transported to the Murietta Border Patrol station for further processing.

**B.   Defendant's Criminal and Immigration History**

At the station, a more comprehensive records check revealed that Defendant was previously ordered removed from the United States by an Immigration Judge on October 30, 2002 and physically removed the same day.

Defendant's criminal history includes a felony conviction on September 21, 1998 for Commercial Burglary in violation of California Penal Code Section 459. Defendant was convicted on March 8, 2001 for Transportation/Sale of a Controlled Substance in violation of California Health & Safety Code Section 11379, for which he received a sentence of 240 days in jail. Defendant also has two misdemeanor convictions from 2007: a conviction on March 24, 2007 for Driving Under the Influence in violation of California Vehicle Code Section 23152 and a conviction on November 21, 2007 for Battery in violation of California Penal Code Section 242.

**C.     Defendant's Post-Miranda Confession**

On February 26, 2008, at approximately 1:03 p.m., Agents Gonzalez and Gallagher read Defendant his Miranda rights. Defendant stated that he understood his rights and agreed to speak to agents without an attorney present. Defendant admitted to being a citizen and national of Mexico illegally present in the United States without proper immigration documents. He also admitted to his prior convictions. He stated that after being deported in October, 2002, he illegally re-entered through the Tecate Port of Entry in November, 2002. He went to live in Fallbrook where his parents and then-girlfriend lived. Defendant said he has lived in Fallbrook, California since that time.

**II**

**UNITED STATES' MOTIONS**

**A.     FINGERPRINT EXEMPLARS**

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). The privilege against self-incrimination only applies to testimonial evidence. See Schmerber v. California, 384 U.S. 757, 761 (1966) (withdrawal of blood is not testimonial). Identifying physical characteristics, including fingerprints, are not testimonial in nature and the collection and use of such evidence does not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969).

**B.     RECIPROCAL DISCOVERY**

The Government has and will continue to fully comply with its discovery obligations. On March 28, 2008, the Government provided Defendant with 40 pages of discovery, including the complaint and statement of facts, reports from the Border Patrol officers, summaries of the statements made by Defendant and a DVD of Defendant's post-Miranda interview. On April 30, 2008, the Government provided Defendant with nine additional pages of discovery related to Defendant's criminal convictions.

Furthermore, the Government sent a letter on May 8, 2008 to the arresting agency requesting that the arresting agency provide additional evidence, including access to Defendant's A-file, that the Government may introduce in its case-in-chief or that may be material to the defense. The Government

will produce additional discovery from Defendant's A-file as well as the audio tape of Defendant's deportation hearing when they become available.

The Government moves the Court to order Defendant to provide all reciprocal discovery to which the United States is entitled under Rules 16(b) and 26.2.  Rule 16(b)(2) requires Defendant to disclose to the United States all exhibits and documents which Defendant "intends to introduce as evidence in chief at the trial" and a written summary of the names, anticipated testimony, and bases for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

### III

### CONCLUSION

For the foregoing reasons, the Government requests that the Court grant the Government's motion for reciprocal discovery and compelling the Defendant to provide a fingerprint exemplar.

DATED: July 15, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/***Rebecca Kanter***
REBECCA S. KANTER
Assistant United States Attorney
Attorneys for Plaintiff
United States of America

1
2
3                          UNITED STATES DISTRICT COURT
4                          SOUTHERN DISTRICT OF CALIFORNIA
5  UNITED STATES OF AMERICA,        )   Criminal Case No. 08cr1333-H
                                    )
6                   Plaintiff,      )
                                    )   CERTIFICATE OF SERVICE
7        v.                         )
                                    )
8  FERNANDO PEDROZA-MACIAS,         )
                                    )
9                                   )
                    Defendant.      )
10

11

12 IT IS HEREBY CERTIFIED THAT:

13     I, REBECCA S. KANTER, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

14
     I am not a party to the above-entitled action.  I have caused service of **MOTION FOR
15 FINGERPRINT EXEMPLARS AND RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which
16 electronically notifies them.

17     Marc X. Carlos

18     I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:
19
     None
20
the last known address, at which place there is delivery service of mail from the United States
21 Postal Service.

22     I declare under penalty of perjury that the foregoing is true and correct.

23     Executed on July 15, 2008.

24                                          /s/ *Rebecca Kanter*
                                            REBECCA S. KANTER
25

26

27

28

                                      5              Criminal Case No. 08cr1333-H